UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ZAKARIYAH ABDULLAH         ]
                           ]
    Petitioner,            ]
                           ]
v.                         ]    No. 3-08-0608
                           ]    JUDGE HAYNES
                           ]
STATE OF TENNESSEE         ]
RUTHERFORD COUNTY, et al.  ]
                           ]
    Respondent.            ]

M E M O R A N D U M

Petitioner, Zakariyah Abdullah, originally filed this action under 28 U.S.C. § 2241 et seq. for the writ of habeas corpus in the United States District Court for the Northern District of Georgia. (Docket Entry No. 1). The action was subsequently transferred to this Court, and Petitioner was appointed counsel. (Docket Entry Nos. 2 and 5). Petitioner alleges in his amended petition (Docket Entry No. 11) that Respondent violated the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, ("IAD") by failing to bring him to trial within 180 days of his request for disposition of his criminal charges in Rutherford County, Tennessee, and that as a result the detainer and all related pending charges against him should be dismissed.

Before the Court are Petitioner's motion for immediate relief (Docket Entry No. 12); Respondent's motion to dismiss (Docket Entry No. 13); Respondent's renewed motion to dismiss (Docket Entry No.

16); Respondent's motion to dismiss for failure to exhaust administrative remedies (Docket Entry No. 21); and Respondent's third motion to dismiss (Docket Entry No. 27) and Petitioner's response (Docket Entry No. 29). The Court conducted an evidentiary hearing on this matter on December 14, 2009.

Respondent asserts that Petitioner's amended petition should be dismissed for failure to exhaust state remedies by failing to comply with the specific requirements under the IAD and by not presenting his claim to the highest state court. In response, Petitioner asserts that his filings sufficiently complied with the IAD's provisions and that the IAD does not require a defendant to appeal a denial of an IAD claim to a state appellate court.

## A. ANALYSIS OF THE CLAIMS

On May 18, 2007, Petitioner received a federal sentence in the Southern District of Mississippi of 41-months imprisonment for unlawful possession of a firearm. Following his incarceration at the United States Penitentiary ("USP") in Atlanta, Georgia, Petitioner was notified on August 27, 2007, by prison authorities of an interstate detainer lodged against him by authorities in Rutherford County, Tennessee, for a marijuana possession charge, stemming from his arrest in Rutherford County on February 28, 2006. (Docket Entry No. 28, Notice of Filing, Attachment 2).

On October 4, 2007, Petitioner served by registered mail the Clerk of Court in Rutherford County with a "demand for a speedy

2

Case 3:08-cv-00608   Document 30   Filed 06/25/10   Page 2 of 11 PageID #: 94

trial" pursuant to the Sixth Amendment. (Docket Entry No. 1, Exhibit 1). Having not received a response, on January 16, 2008, Petitioner filed a motion to dismiss the Indictment pursuant to the IAD in Rutherford County Criminal Court. (Docket Entry No. 28, Attachment 1). The motion was denied on May 4, 2009.

## B. CONCLUSIONS OF LAW

The IAD is an interstate compact, consisting of forty-eight states, the Federal Government and the District of Columbia, that "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." Alabama v. Bozeman, 533 U.S. 146, 148 (2001); 18 U.S.C. App. § 2. Tennessee is a party to the IAD. See Tenn. Code Ann. § 40-31-101 et seq.

The IAD's purpose is to minimize the interruption of a prisoner's ongoing prison term in the sending State by providing expeditious delivery of the prisoner to the receiving State for trial. Bozeman, 533 U.S. at 148. Article III of the IAD provides in relevant part:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be

3

delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided*, That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

(c) The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C. App. 2 § 2, Article III(a)-(c).

If no action is taken on the indictment, information, or complaint within the 180 days, the Court must dismiss the action with prejudice. Id., Article V(c). The 180-day time period to bring a prisoner to trial does not commence until both the court and prosecutor of the jurisdiction that lodged the detainer, have been given notice of the prisoner's demand for the final

4

disposition of the charges against him.  Fex v. Michigan, 507 U.S. 43, 52 (1993).

The Sixth Circuit has determined that prisoners must strictly comply with the IAD's procedure to invoke successfully their rights under that Act.  United States v. Martinez, 59 Fed. Appx. 638, 643 (6th Cir. Feb. 13, 2003); Cheek v. Lamanna, 98 F. Supp.2d 916, 918 (N.D. Ohio 2000).  In Norton v. Parke, 892 F.2d 476 (6th Cir. 1989), the petitioner was in custody in Kentucky when Ohio officials lodged a detainer against him.  Id. at 477.  The petitioner filed a motion to dismiss the Ohio indictment for failure to prosecute, arguing that his Sixth Amendment right to a speedy trial had been violated.  Id.  The Ohio court denied the petitioner's motion, stating that the petitioner had failed to avail himself of the IAD provisions and that if the petitioner filed the appropriate forms to invoke the IAD and if the prosecutor failed to commence timely proceedings, then the court would entertain a motion to dismiss the prosecutor's complaint.  Id. at 478.  The petitioner filed a second motion expressly referencing Article III of the IAD, but because he failed to specifically invoke the IAD with the prescribed forms, the court denied his motion.  The petitioner later filed another motion to dismiss the indictment in Ohio state court that was denied, as well as petitions for writ of habeas corpus in Kentucky state and federal courts that were also denied.  Id.

5

After his second petition to the United States District Court for the Western District of Kentucky, the district court concluded:

> After carefully considering Norton's claims, the district court found that there had been a trial delay of seven years from the date of the original Ohio indictment against Norton. The district court also determined that, for five years, Ohio had been notified of Norton's demand for trial. Even though it was argued that the trial delay was due to Norton's failure to formally comply with the IAD, the district court held that the proffered justification for the denial of Norton's sixth amendment rights was unacceptable. On November 18, 1988, the district court granted Norton's writ of habeas corpus, ordered that the Ohio indictment and the Kentucky detainer against Norton be quashed, and released Norton from all custody attributable to the indictment or detainer.

Id. at 479.

On appeal, the respondent argued that because the petitioner did not formally invoke the IAD he failed to exhaust available state remedies and thus, was not entitled to federal habeas relief. In response, the petitioner argued that his numerous requests for a speedy trial were sufficient to establish substantial compliance with the IAD and that his "Memorandum of Authorities," filed with the Ohio prosecutor and the Ohio Court of Common Pleas discussed Article III of the IAD and demanded that the State of Ohio initiate action against him within 180 days. Id. at 480.

Explaining the benefits of requiring prisoners to comply strictly with the provisions of the IAD, the Sixth Circuit stated:

> First, if a prisoner uses standard IAD Form 2, and includes the certificate required by Article III(a), then the prosecuting authority will be notified that the IAD has been invoked and will be better able to avoid the

6

severe sanction of dismissal mandated by Article V(c). Second, because prosecutors are not currently compelled to sort through every prisoner's correspondence and pleadings to find IAD references, the IAD remains an effective system to rapidly adjudicate the claims of prisoners challenging extradition. Third, requiring strict compliance with the IAD provides the prosecutor with information and the ability to decide whether or not to prosecute in the requesting state. If the prisoner is currently serving a lengthy sentence on a serious charge, then the requesting state might opt not to spend limited resources on a second trial unlikely to produce additional benefits.

Id. at 481 (citations omitted). Yet, the Court allowed an exception to the general rule of strict compliance where a "prisoner has done everything possible to comply with the IAD, and it is the custodial state that is responsible for the prisoner's default, then strict compliance with the IAD may not be required." Id.; see also Martinez, 59 Fed. Appx. at 643 (citing Norton as recognizing an exception to the general rule of strict compliance "in the rare circumstances of inaccessibility, such as where IAD forms were *deliberately* withheld") (emphasis in original).

In reversing the district court, the Sixth Circuit concluded that the petitioner did not formally invoke the IAD and that the petitioner failed to exhaust his adequate and available state remedies. Id. at 481-82. The Sixth Circuit stated:

> In the present case, the district court determined that Norton did not use the required IAD forms to give notice to the Ohio authorities of his demand for trial. The court also found that Norton failed to comply with the formalities of the IAD by giving notice of his demand for trial to Parke, the warden of the Kentucky Reformatory. In general, Norton's pleadings in the Ohio Court of Common Pleas did not conform to Article III of the IAD.

7

> Specifically, Norton failed to provide the Ohio officials with a certificate of custodial authority or information regarding his prison conduct and eligibility for parole.
>
> *It is evident that Norton did not formally comply with IAD procedures.*

Id. at 481 (citation omitted) (emphasis added).

Moreover, the Court concluded that there was no justification to excuse the petitioner's non-complinace with the IAD's procedures or to find that his deficient pleadings substantially complied with the IAD. The Court explained:

> First, Norton does not argue that he requested and was denied the IAD forms necessary to initiate a request for a final disposition of the Ohio complaint against him. Second, because Norton was instructed by the Ohio Court of Common Pleas to initiate an action under the IAD before seeking federal habeas relief, Norton cannot claim that he was ignorant of the appropriate procedures. . . . Third, Norton's pleadings in the Ohio Court of Common Pleas cannot be construed as a minimally adequate substitute for the appropriate forms. Fourth, Norton's pleadings contained little of the information that Article III of the IAD requires to be sent to the requesting state before the 180-day clock begins to run.

Id.

Here, Petitioner did not use the required IAD forms to give notice to the Tennessee authorities of his demand for trial. Nor did Petitioner give notice to the warden at USP of his demand for trial. Petitioner's letter demanding a speedy trial did not reference the IAD and was only sent to the Rutherford County Clerk of Court and was not sent to the prosecuting attorney. Although Petitioner's motion to dismiss did reference the IAD, Petitioner's pleadings did not conform to Article III of the IAD, as Petitioner

8

failed to provide Tennessee officials with a certificate of custodial authority or information regarding his prison conduct and eligibility for parole.

Further, Petitioner has failed to provide any justification in excusing his non-complinace with the IAD's procedures or to establish that his deficient pleadings substantially complied with the IAD. Petitioner did not testify and has not argued that he requested and was denied IAD forms necessary to initiate a request for a final disposition of the Tennessee charges against him. Instead, Petitioner testified that he was unaware of the requirements of the IAD, that he was not given any guidance as to how to proceed under the IAD and that he thought he was doing everything in his power to comply with the IAD.

Moreover, Petitioner admitted that he was notified of the detainer by the Inmate Systems Manager ("ISM") and was provided with instructions on how to address the detainer under the IAD. The information provided to Petitioner states, in relevant part:

> You are hereby further advised that by the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement. After you have caused to be delivered to said prosecution officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

9

> . . .
>
> Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are confined.

(Docket Entry No. 28, Notice of Filing, Attachment 2).

Petitioner did not comply with the instructions provided to him by ISM. Petitioner neither sought a certificate of the custodial authority nor notified ISM of his desire to request a final disposition of his untried Tennessee indictment. Moreover, as in <u>Norton</u>, Petitioner's pleadings in Rutherford County Criminal Court cannot be construed as a minimally adequate substitute for the appropriate IAD forms and Petitioner's pleadings contained little of the information that Article III of the IAD requires to be sent to the requesting state before the 180-day clock begins to run.

Therefore, because Petitioner did not properly invoke the IAD, the Court concludes that Petitioner did not exhaust his adequate and available state remedies as provided under the IAD and, thus, is not entitled to federal habeas relief.[1]

Accordingly, Petitioner's motion for immediate relief (Docket Entry No. 12) should be denied; Respondent's third renewed motion to dismiss (Docket Entry No. 27) should be granted; and

---

[1] Because of the Court's conclusion, the Court need not address whether Petitioner was required to appeal the denial of his IAD claim to the Tennessee Court of Criminal Appeals before filing a federal habeas petition under 28 U.S.C. § 2241.

10

Respondent's motion to dismiss (Docket Entry No. 13), renewed motion to dismiss (Docket Entry No. 16) and motion to dismiss for failure to exhaust administrative remedies (Docket Entry No. 21) should be denied as moot.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of June, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge